UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-220-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| MARION QUINTIN BREWSTER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 53). The Government has responded in opposition to the motion, (Doc. No. 60), and Defendant has filed a Reply, (Doc. No. 63). For the following reasons, Defendant's motion will be **DENIED**.

I. BACKGROUND

In May 2016, Defendant pointed a revolver at a man washing his truck at a self-service car wash and told the man to empty his pockets. Brewster v. United States, No. 3:19CV386, 2019 WL 5076404, at *1 (W.D.N.C. Oct. 8, 2019). The man complied, throwing his wallet and some change onto the ground. (Id.). When Defendant asked where the man's keys were, the man replied that the keys were in the truck. (Id.). Defendant then told the man to, "Run, Motherfucker!" (Id.). The victim ran away and called the police. (Id.). Shortly thereafter, officers pulled over a vehicle matching the victim's description of a suspicious car he had seen before the robbery. (Id.). Defendant, who was in the front passenger seat, jumped out and ran, dropping a revolver as he fled from the police. (Id.). Officers arrested Defendant and recovered the revolver, which had been reported stolen. (Id.). The victim's wallet was in the car. (Id.).

A grand jury indicted Defendant, charging him with possession of a firearm and

1

ammunition by a felon. (Id. at *2). Defendant pleaded guilty to the charge. (Id.). This Court sentenced Defendant as an armed career criminal, finding that his prior convictions on November 17, 2000, for armed robbery and carjacking were committed on the same occasion, but that his two convictions from November 17, 2000, were separate offenses. (Id.). The Court found that those two offenses involved different victims, different locations, and different offenses and thus were committed on different occasions. (Sent. Tr. 21–24). The Court explained that this was a "[v]ery, very serious offense," but it varied downward one level because the predicate offenses under the Armed Career Criminal Act ("ACCA") were committed over a short period of time years before. (Id. at 35–36). The Court sentenced Defendant to 180 months of imprisonment. (Id. at 36).

Defendant appealed the Court's application of the ACCA, and the Fourth Circuit affirmed, finding "no error in the district court's conclusion that the offenses occurred on separate occasions." United States v. Brewster, 718 F. App'x 197, 200 (4th Cir. 2018) (unpublished). The Fourth Circuit explained that "Brewster has not argued, and the record contains no basis to conclude, that Brewster acted with an accomplice in committing his predicate armed robbery and carjacking offenses." (Id.). Defendant unsuccessfully sought post-conviction relief in a motion to vacate, Doc. Nos. 46 & 47, and via a petition for a writ of habeas corpus, Brewster v. Phelps, No. 9:20CV1505, 2021 WL 1104987 (D.S.C. Mar. 23, 2021). This Court denied his request for relief under the First Step Act, noting that he had not been convicted of a covered drug offense and had not shown that he otherwise was entitled to relief. (Doc. No. 52).

On November 10, 2022, Defendant filed the pending motion for compassionate release. (Doc. No. 53 (Mot. Comp. Rel.)). He argues that there are extraordinary and compelling reasons

2

Case 3:16-cr-00220-MOC-DSC    Document 64    Filed 03/27/23    Page 2 of 7

to reduce his sentence because: (1) he was erroneously sentenced under the ACCA based on Wooden v. United States, 142 S. Ct. 1063 (2022); (2) his conditions of confinement are more harsh due to the restrictions put in place to prevent the spread of COVID-19; (3) he has made efforts toward rehabilitation; and (4) there has been a lack of opportunity to earn time credits due to limitations on programming caused by COVID-19. (Mot. Comp. Rel. 15–30). He also contends that the sentencing factors in 18 U.S.C. § 3553(a) support a reduction in his sentence. (Id. at 31–37).

## II. DISCUSSION

Once a defendant properly exhausts his administrative remedies, this Court may reduce Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. That policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals held that Section 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, the Court is "empowered . . . to consider any extraordinary and

3

compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). The Court still may consider the § 1B1.13 factors, however, because that Section "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. As the movant, Defendant still bears the burden of establishing that he is eligible for a sentence reduction, and that includes establishing that "extraordinary and compelling reasons" justify his request. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant has not established an extraordinary and compelling reason for compassionate release. Defendant relies mainly on his contention that he was improperly sentenced as an armed career criminal to support his request for compassionate release. (Mot. Comp. Rel. 7, 10, 15–24 (citing Wooden)). This sentencing challenge, however, is not a proper basis for seeking compassionate release. The Fourth Circuit recently confirmed that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2022). Section 2255 remains "the exclusive method" for such challenges, and Defendant may not "sidestep § 2255's requirements" through a motion for compassionate release. Id. at 270 (citing 28 U.S.C. § 2255). Defendant's assertion that he was improperly sentenced in light of Wooden is a challenge to his sentence for which a motion to vacate under 28 U.S.C. § 2255 is the "exclusive remedy." Id.

Defendant also contends that BOP has imposed "onerous lockdowns and restrictions" in light of the pandemic, that this made his conditions "more punitive" than what the Court anticipated when it originally sentenced him, and that he "feared for his life" when he contracted COVID-19. (Mot. Comp. Rel. 24–25). Pandemic-related restrictions were implemented to reduce the risks related to COVID-19 for inmates and staff, and they do not on their own establish an

extraordinary and compelling reason for compassionate release. Therefore, Defendant has not shown a sentence reduction is warranted based on pandemic-related prison conditions. See United States v. Hall, 2022 WL 2195975, at *3 (D. Md. June 10, 2022) (holding pandemic-related prison conditions "do not, without more, establish extraordinary and compelling reasons for compassionate release").

Defendant contends that he has shown "exemplary rehabilitation," asserting that he has "demonstrated maturity and remorse" and "maintained a clean record." See (Mot. Comp. Rel. 11, 28, 30). He cites only to the programs that he has taken while incarcerated. (Doc. No. 53-1 at 4). Contrary to Defendant's assertions, he has not maintained a clean record. In the past year, he was disciplined for possessing a hazardous tool and indecent exposure. (Gov. Ex. 1). He also has prior sanctions for mail abuse, phone abuse, and possessing drugs. (Id.).

Finally, Defendant's assertion that his opportunity to participate in educational programming due to pandemic-related restrictions has been limited, and that this supports a sentence reduction, is misplaced. See (Mot. Comp. Rel. 28). Defendant has no liberty interest in earning time credits, and his assertion that he has been denied "any meaningful opportunity" for rehabilitation contradicts his assertion that he has shown "exemplary rehabilitation." United States v. Amaro-Lopez, 2022 WL 18000064, at *1 (5th Cir. 2022) (unpublished) (dismissing appeal from denial of compassionate release, including the denial of the opportunity to earn time credits due to the pandemic, as frivolous). Moreover, Defendant has been participating in educational programming and BOP has identified additional programs and goals for him through an individualized needs plan. See (Gov. Ex. 2).

The Court further finds that even if Defendant had shown extraordinary and compelling reasons for compassionate release, consideration of the Section 3553(a) factors counsel strongly

against relief. This Court must consider the sentencing factors in 18 U.S.C. § 3553(a), as "applicable," as part of its compassionate release analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." United States v. Prater, No. 3:13CR133, 2021 WL 54364, at *4 (E.D. Va. 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to consider the sentencing range established for the offense, as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(4), (6).

Defendant has not shown that the sentencing factors in Section 3553(a) warrant a reduction in his sentence. Although Defendant was not convicted of a drug offense, he cites the "war on drugs" and "mass incarceration" as supporting his motion. (Mot. Comp. Rel. at 35). He also relies on mitigating factors that existed at the time of sentencing, including his difficult childhood due to his family circumstances, but then asserts that he has significant family support should he be released. (Id. at 35–36). He has included a letter of support from his mother. (Id. at 6–7). Defendant states that he has made "programming efforts" and cites his inmate education data, which indicates that he has participated in a number of classes. (Id. at 36; Doc. No. 53-1 at 4). He also argues that his sentence creates an unwarranted sentencing disparity with "correctly sentenced defendants," again relying on Wooden. (Id. at 37).

Defendant asserts that reducing his sentence will not put the public at risk, citing his post-sentence conduct and remorse, strong family support, and "the court's ability to provide increased conditions of supervised release." (Id.). Defendant's offense was very serious.

Although he was only charged with possession of a firearm by a felon, the circumstances of his offense show that he pointed the firearm at a victim and took his wallet. Defendant's criminal history score, even without the ACCA enhancement was IV. (PSR ¶ 40). Defendant's participation in prison programming is favorable, but his continued disciplinary infractions counter his contentions of rehabilitation and "clean conduct." The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant continue to support Defendant's sentence.

For all these reasons, the Court will deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 53), is **DENIED**.

Signed: March 27, 2023

Max O. Cogburn Jr
United States District Judge